*603 CRICHTON, J.,
additionally concurs and assigns reasons.
hi wholeheartedly agree with the majority’s decision to deny the defendant’s writ application in all respects. I write separately to address post-conviction counsel’s complaint of ineffective assistance of trial counsel during the penalty phase of this 1996 trial, and to specifically emphasize that the purpose of collateral review is not to second-guess trial counsel’s strategy with benefit of hindsight or provide a second penalty phase many years after the first.[1] Notably, after two decades, post-conviction counsel claims that trial counsel omitted mitigation evidence of defendant’s alleged cognitive frailties and his troubled childhood and community. However, the fact is that original trial counsel (actually in the trenches faced with immediate strategy calls) chose a mitigation theme and presented six (6) penalty phase witnesses (those witnesses testified that: defendant rendered aid to a parish jail guard having a heart attack, defendant helped a prosecutor in an unrelated case, and there was evidence of defendant’s other good deeds). Further, trial counsel presented the defendant’s mother, two sisters, and a |2nephew to address defendant’s childhood and home environment. Presumably, post-conviction counsel takes issue with the fact that defendant’s family members, while under oath, apparently chose not to present the version of Frank Ford Cosey they deemed appealing. Given the fact that family members and others provided mitigation testimony of a compelling nature, in my view, it is nevertheless unlikely that this defendant could ever show that the alleged omitted evidence of traumatic childhood and cognitive frailties would have led jurors to impose a life sentence in this case (the jury found defendant guilty of brutally raping and slashing the throat of a 12-year old girl, whose lifeless body he left displayed for her mother to discover). As I wrote in State v. Blank, 16-0213, p. 11 (La.5/13/16) 192 So.3d 93 at 106, 2016 WL 2994172:
Even if a Petitioner shows that counsel’s performance was deficient, he must also show prejudice, that is he must show ⅛ reasonable probability that but for counsel’s unprofessional errors, the result ... would have been different’. [I]n light of ... the nature and number of offenses he [Blank] committed, I believe there is no reasonable probability that the outcome of the penalty phase would have been different regardless of which of these two versions of [the petitioner] was presented to the jurors. Therefore, there is no reason to remand to further address this claim, which would serve only to continue the drain of resources that are badly needed for indigent defense.
*604 Similar to the result in Blank, there is absolutely no reason to remand this case for the purpose of attacking and second-guessing trial counsel’s strategy so that a different version of Frank Ford Cosey can be presented with the elusive hope of a different result. '
I also write separately to express my concern over the inordinate span of time that has elapsed since a jury of twelve citizens recommended that this defendant be sentenced to death. Specifically, the crime occurred in 1990; the trial took place in 1996; the Louisiana Supreme Court affirmed the conviction and |3death sentence in 2000[2] and the U.S. Supreme Court denied review in 2001.[3] In an apparent place-holder strategic maneuver, the defendant filed a “shell- application for post-conviction relief in 2001 and then, 11 and 12 years later in 2012 and 2013, filed counseled supplements with trial court rulings finally entered in 2015. Now, in 2016 (after the savage murder, two decades after the verdict, and more than a decade after the “shell” application) this case, on collateral review, has finally reached this Court. In my view, this gamesmanship and delay is unreasonable and unacceptable,.
WEIMER, J., would grant in part as to ineffectiveness of assistance of counsel claim during penalty phase.
GUIDRY, J., would grant.
CRICHTON, J., additionally concurs and assigns reasons.

. As I noted in State v. Blank, 16-0213 (La.5/13/16), 192 So.3d 93 (Crichton, J., concurring), “[p]roviding a second penalty phase ... is not the purpose of collateral review, is completely contrary to the law, and represents an extraordinary drain on the limited resources available for indigent defense with negative repercussions that ripple through the entire criminal justice system.” Moreover, a finding of ineffective assistance of counsel at the penalty phase requires a showing that counsel failed to undertake "a reasonable investigation [which] would have uncovered mitigating evidence,” and that failing to put on the available mitigating evidence “was not a tactical decision but reflects a failure by counsel to advocate for his client’s cause,” which resulted in "actual prejudice.” State v. Hamilton, 92-2639, p. 6 (La.7/1/97), 699 So.2d 29, 32 (citing State v. Brooks, 94-2438 (La.10/16/95), 661 So.2d 1333; State v. Sanders, 93-0001 (La.11/30/94), 648 So.2d 1272).

. State of Louisiana v. Frank Ford Cosey, 97-KA-2020 (La.11/28/00), 779 So.2d 675, reh'g denied 1/12/01.

. Frank Ford Cosey v. Louisiana, 533 U.S. 907, 121 S.Ct. 2252, 150 L.Ed.2d 239 (2001), reh’g denied, 6/6/01.